SIBLEY v. N.C. BD. OF THERAPY EXAM'RS

[357 N.C. 42 (2003)]

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.

———

RICHARD D. SIBLEY, Petitioner v. THE NORTH CAROLINA BOARD OF THERAPY EXAMINERS, Respondent

No. 429A02

(Filed 28 March 2003)

**Physical Therapy— suspension of license—hugs, kisses, sex with patient—inadequate evidence and findings**

The decision of the Court of Appeals upholding an order of the Board of Physical Therapy Examiners suspending the license of a physical therapist who hugged and kissed a patient and engaged in sexual intercourse with another patient is reversed for the reasons stated in the dissenting opinion that the evidence and the Board's findings were inadequate to support the Board's conclusions that the therapist's conduct amounted to incompetence in violation of N.C.G.S. § 90-270.36(9).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 151 N.C. App. 367, 566 S.E.2d 486 (2002), affirming an order entered 17 November 2000 by Judge Ronald K. Payne in Superior Court, Buncombe County. Heard in the Supreme Court 11 March 2003.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., and Robert J. Lopez, for petitioner-appellant.*

*Satisky & Silverstein, L.L.P., by John M. Silverstein, for respondent-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.